UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRANDI NEWMAN,

      Plaintiff,

vs.                                              Case No.: 8:06-CIV-364-EAK-TGW

HOOTERS OF AMERICA, INC., a
Georgia Corporation, and HOOTERS OF
LAKELAND, LLC., a Georgia Limited
Liability Company,

      Defendants.
_____/

## ORDER ON DEFENDANTS' MOTION TO DISMISS OR, ALTERNATIVELY, TO STAY ACTION AND COMPEL ARBITRATION

This cause comes before this Court on the Defendants' Motion to Dismiss or, Alternatively, to Stay Action and Compel Arbitration made pursuant to Fed. R. Civ. P. Rule 12(b)(6), filed on April 10, 2006 (Docket No. 6), and Plaintiff's response thereto, filed on April 21, 2006, (Docket No. 12). For the reasons set forth below, this motion is **DENIED**.

## BACKGROUND

Plaintiff, Brandi Newman (Plaintiff), became an employee of Hooters of America and Hooters of Lakeland (Defendants) on or about August 1, 2000. At this time, Defendants assert that they required each applicant to complete an Employment Application which informed the applicant that there existed an arbitration clause, to which the applicant had to agree in order to be considered for employment. Each applicant was allegedly also required to complete a New Hire Packet which included, *inter alia*, an Arbitration Agreement as well as a Notice to Applicants regarding the Arbitration Agreement. The Agreement provides in relevant part:

> By signing this Agreement, you and the Company each agree that all Claims between you and the Company shall be exclusively decided by arbitration governed by the Federal Arbitration Act before one or more NEUTRAL ARBITRATORS AND NOT BY A COURT OR A JURY. (Original Emphasis).

The Agreement then explains what is meant by the word "Claims" as it is used in the Agreement:

> The term 'Claims' includes, but is not limited to, any claim whether arising under federal, state, or local law, under a statute such as Title VII of the Civil Rights Act of 1964, under a rule, under a regulation, or under the common law, including but not limited to, ANY CLAIM OF DISCRIMINATION, SEXUAL

HARASSMENT, RETALIATION, OR WRONGFUL DISCHARGE. (Original Emphasis).

On March 7, 2006, Plaintiff filed a complaint against the Defendants, alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq.* (Docket No. 1), asserting claims based on sex discrimination, retaliation, and constructive discharge.

## DISCUSSION

Defendants assert that Plaintiff's claim should be dismissed because the Arbitration Agreement is governed by, and enforceable under, the Federal Arbitration Act (FAA). In the alternative, Defendants request that action be stayed and arbitration compelled. Plaintiff argues in response that Defendants fail to meet the high standard of Fed. R. Civ. P. 12(b)(6) and that arbitration should not be compelled because Defendants cannot produce the Arbitration Agreement necessary to implicate the FAA.

### I.   Motion to Dismiss

It is a well-established principle "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Defendants have not established that Plaintiff can prove no set of facts which would entitle her to relief. In fact, Defendants do not argue that Plaintiff's claim was insufficient, only that it is subject to an alleged arbitration agreement and, therefore, not properly heard in this Court. It is the conclusion of this Court that dismissal of Plaintiff's claim would be inappropriate under these circumstances.

### II.   Motion to Stay Action and Compel Arbitration

The FAA, 9 U.S.C. § 1, *et. seq.*, provides a body of substantive federal law that controls all of the issues regarding the validity and enforcement of covered arbitration agreements. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218-21 (1985). In order to implicate the FAA, there must exist between the parties a contractual relationship memorialized in a written agreement. *See* 9 U.S.C. §§ 2-4.

Section 4 of the FAA grants district courts the authority to compel arbitration "upon being satisfied that the making of the agreement or the failure to comply therewith is not an issue." 9 U.S.C. § 4. Defendants have not presented the alleged Arbitration Agreement, and, instead, ask the Court to make factual inferences to establish the existence of this Agreement.

Case No.: 8:06-CIV-364-EAK-TGW

Defendants contend that all employees were required to complete an Employment Application and New Hire Packet containing the Arbitration Agreement, and, therefore, the Plaintiff must also have executed this Arbitration Agreement or her employment would not have commenced. Under Defendant's reasoning, if Plaintiff began working, then she must have executed an Arbitration Agreement. This Court will not rely on "if, then" scenarios and reverse factual inferences to establish the existence of a contract. At the present time, Defendants have failed to conclusively establish that the Plaintiff executed a written Arbitration Agreement that falls within the scope of the FAA. This Court is not satisfied that the making of the Agreement is not an issue, and, therefore, cannot stay action and compel arbitration.

## CONCLUSION

Defendants have the burden of producing the Arbitration Agreement and establishing the contractual relationship necessary to implicate the FAA and its provisions granting this Court authority to dismiss or stay Plaintiff's cause of action and to compel arbitration. This Court concludes that at the present time, Defendants have not carried that burden. Accordingly it is

**ORDERED** that the Defendants' Motion to Dismiss or Alternatively, to Stay Action and Compel Arbitration (Docket No. 6) be **DENIED** and the Defendants shall file an answer to this complaint on or before July 10, 2006.

**DONE and ORDERED** in Chambers in Tampa, Florida, this 28th day of June, 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All Parties and Counsel of Record